**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DUQUE FALLON, EDGAR ROLANDO GUTIERREZ LOPEZ, EUTIQUIO LEON GARCIA, HUGO ALEJANDRO GALLARDO, JOSE GARCIA, and GILBERTO LUCAS TOLENTINO, *individually and on behalf of others similarly situated*,

      Plaintiffs,

– against –

18 GREENWICH AVENUE, LLC d/b/a ROSEMARY'S, CARLOS SUAREZ, WADE MOISES, CINDI BYUN, JENNIFER DOE, and ERIN GOTTHELF,

      Defendants.

Case No. 1:19-cv-09579-MKV

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT**

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants*

On Brief:

Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
Matthew C. Berger, Esq.

108042052

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 2

LEGAL ARGUMENT .................................................................................................................. 7

    I.    LEGAL STANDARD ............................................................................................ 7

    II.    PLAINTIFFS' AMENDED COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE IT IMPERMISSIBLY UTILIZES GROUP PLEADINGS AND DOES NOT COMPLY WITH RULE 8 PLEADING STANDARDS ............................................................................................................ 7

    III.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS, DISMISS PLAINTIFF'S FLSA OVERTIME CLAIMS, AND DISMISS THE AMENDED COMPLAINT WITH RESPECT TO PLAINTIFF EDGAR ROLANDO GUTIERREX LOPEZ ...................................................................... 9

        A.    Plaintiffs Fail to Allege that the Individual Defendants Were Their Employers Under the FLSA ..................................................................... 10

        B.    Plaintiffs Have Not Alleged Sufficient Facts to Support an Overtime Claim Under the FLSA ............................................................................ 11

        C.    Plaintiff Edgar Rolando Gutierrez Lopez's FLSA Claim is Time-Barred .......................................................................................................... 13

CONCLUSION ........................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Sales Co. v. AstraZeneca AB*,
  No. 10 Civ. 6062 (PKC), 2011 WL 1465786 (S.D.N.Y. Apr. 14, 2011) .................................. 8

*Amponin v. Olayan Am. Corp.*,
  No. 14-cv-2008 (TPG), 2015 WL 1190080 (S.D.N.Y. Mar. 16, 2015) ................................ 12

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ................................................................................................... 1, 7

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008) ............................................................................................ 10

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 1, 7

*Carter v. Dutchess Community College*,
  735 F.2d 8 (2d Cir. 1984) .............................................................................................. 2, 10

*Castellano v. Bd. of Trustees*,
  937 F.2d 752 (2d Cir. 1991) ............................................................................................. 14

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ............................................................................................... 2

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
  385 F.3d 159 (2d Cir. 2004) ............................................................................................. 14

*Irizarry v. Catsimatidis*,
  722 F.3d 99 (2d Cir. 2013) ......................................................................................... 10, 11

*Johnson v. Equinox Holdings, Inc.*,
  No. 13-cv-6313 (RMB) (JLC), 2014 WL 3058438 (S.D.N.Y. July 2, 2014) .................... 13

*Leneau v. Ponte*,
  No. 1:16-CV-776 (GHW), 2018 WL 566456 (S.D.N.Y. Jan. 25, 2018), *appeal
  dismissed* (2d Cir. July 16, 2018) ...................................................................................... 9

*Lundy v. Catholic Health System of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013) .................................................................................. 2, 11, 12

*Mills-Sanchez v. Research Found. for State Univ. of New York*,
  No. 1:18-CV-723 (GLS)(DJS), 2019 WL 2549726 (N.D.N.Y. June 20, 2019) ................. 8

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   No. 12 Civ. 2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) .................................. 8, 9

*Oliver v. Rio Acquisition Partners, LLC*,
   No. 1:18-CV-1794-GHW, 2019 WL 801952 (S.D.N.Y. Feb. 21, 2019) .............................. 14

*Salahuddin v. Cuomo*,
   861 F.2d 40 (2d Cir. 1988) ..................................................................................................... 8

*Serrano v. I. Hardware Distrib., Inc.*,
   No. 14-cv-2488 (PAC), 2015 WL 4528170 (S.D.N.Y. July 27, 2015) ................................. 13

*Vasto v. Credico (USA) LLC*,
   No. 15 CIV. 9298 (PAE), 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016) ............................... 11

**Statutes**

28 U.S.C. § 1367(c) ........................................................................................................................ 14

29 U.S.C. § 203(d) ......................................................................................................................... 10

29 U.S.C. § 255(a) ......................................................................................................................... 13

Fair Labor Standards Act ....................................................................................................... *passim*

New York Labor Law ................................................................................................................. 4, 8

NYLL § 196-d (2007) ...................................................................................................................... 5

NYLL 195(3) .................................................................................................................................... 3

NYLL §195(1) .................................................................................................................................. 4

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1281 ................................................... 8

Fed. R. Civ. P. 8 ..................................................................................................................... *passim*

Fed. R. Civ. P. 8(a) ..................................................................................................................... 7, 8

Fed. R. Civ. P. 8(d) ......................................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 7

Fed. R. Civ. P. 23 ............................................................................................................................ 6

108042052

**PRELIMINARY STATEMENT**

Defendants 18 Greenwich Avenue, LLC d/b/a Rosemary's ("Rosemary's), Carlos Suarez, Wade Moises, Cindi Byun, Rufio Lerma, Sean Webster, and Erin Gotthelf (Suarez, Moises, Byun, Lerma, Webster, and Gotthelf, the "Individual Defendants", and with Rosemary's, collectively, "Defendants")[1] move to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), of plaintiffs Duque Fallon, Edgar Rolando Gutierrez Lopez, Eutiquio Leon Garcia, Hugo Alejandro Gallardo, Jose Garcia, and Gilberto Lucas Tolentino (collectively, "Plaintiffs").

The Amended Complaint should be dismissed in its entirety because Plaintiffs impermissibly employ group pleading in the Amended Complaint in violation of the requirements of Rule 8 and fail to state plausible claims for relief under the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007). Alternatively, the Court should: (1) dismiss the Amended Complaint against the Individual Defendants because Plaintiffs fail to allege that the Individual Defendants were their employers under the Fair Labor Standards Act ("FLSA"); (2) dismiss Plaintiffs' FLSA overtime claims because Plaintiffs fail to comply with the pleading standard established by the Second Circuit for such claims; and (3) dismiss the Amended Complaint with respect to Plaintiff Edgar Rolando Gutierrez Lopez because his FLSA claims are time-barred and the Court should decline to exercise supplemental jurisdiction over Plaintiff Lopez's state law claims.

First, the Amended Complaint is replete with impermissible "group pleadings" against all Defendants, such that none of the defendants have been provided with adequate notice of the claims against them specifically. Second, the Amended Complaint fails to allege specific facts addressing

---

[1] We do not represent Defendant Jennifer Doe as we and the other Defendants do not know to whom Plaintiffs refer.

1

any of the *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984) factors concerning individual liability under the FLSA, other than in a wholly insufficient and conclusory manner. Third, Plaintiffs' Amended Complaint fails to meet the pleading standard set forth in *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) and its progeny with respect to Plaintiffs' overtime claims by failing to sufficiently allege that they worked more than 40 hours in a given work week as well as that they worked uncompensated time in excess of the 40 hours. Finally, with respect Plaintiff Edgar Rolando Gutierrez Lopez, the Amended Complaint alleges that Plaintiff Lopez was employed by Defendants until about September 15, 2016; however, because the original Complaint was filed on October 16, 2019, Plaintiff Lopez's FLSA claims are outside the FLSA's three-year statute of limitations. Because the FLSA claim is the only federal claim that Plaintiff Lopez raises and that claim is time-barred, the Court should decline to exercise supplemental jurisdiction over Plaintiff Lopez's remaining claims and Plaintiff Lopez's claims should be dismissed in their entirety.

Accordingly, the Court should dismiss the Amended Complaint.

## **STATEMENT OF FACTS**[2]

Plaintiffs—all former employees of Rosemary's, a restaurant in Manhattan's West Village—allege that they were employed as bartenders, barbacks, busboys, waiters, delivery workers, and food runners. (Am. Compl.[3] ¶¶ 1, 4). All Plaintiffs allege that they were employed by Rosemary's within the past three (3) years, except for Plaintiff Edgar Rolando Gutierrez Lopez,

---

[2] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Amended Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, should Defendants' motion be denied in whole or in part, Defendants intend to vigorously contest the facts asserted in the Amended Complaint.

[3] "Am. Compl." is the Amended Complaint that Plaintiffs filed in this Court and is listed on the Court's Docket as Docket Entry 29.

2

who alleges he was employed from "approximately September 1, 2015 until on or about September 15, 2016." (Am. Compl. ¶¶ 21-32). With respect to the Individual Defendants, the allegations in the Amended Complaint vary slightly from individual to individual, but generally, the Amended Complaint alleges that all Individual Defendants are "an individual engaging (or who was engaged) in business in this judicial district during the relevant time period," are "sued individually in his [or her] capacity as a manager [or owner, officer and/or agent] of Defendant Corporation," the individual "possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation," and the individual "determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees." (Am. Compl. ¶¶ 35-41). The Amended Complaint does not, however, contain any specific facts, allegations, or conduct by any of the Individual Defendants.

Generally, the Amended Complaint contains the same allegations on behalf of each Plaintiff and contains the same allegations against ***all*** Defendants, including that:

- Plaintiffs spent over 20% of each day performing non-tipped work throughout their employment (Am. Compl. ¶¶ 57, 78, 103, 128, 154, 178);
- "***Defendants*** deducted $2.50 per shift" from Plaintiffs' weekly paychecks for meals they never ate (Am. Compl. ¶¶ 66, 88, 114, 143, 164, 187) (emphasis added);
- Plaintiffs were not notified "by ***Defendants*** that [their] tips were being included as an offset for wages" (Am. Compl. ¶¶ 67, 89, 115, 144, 165, 188) (emphasis added);
- "***Defendants*** did not provide [Plaintiffs] an accurate statement of wages, as required by NYLL 195(3)" (Am. Compl. ¶¶ 72, 95, 120, 148, 171, 194) (emphasis added);

3

108042052

- "***Defendants*** did not give any notice to [Plaintiffs], in English and in Spanish . . . , of [their] rate of pay, employer's regular pay day, and such other information required by NYLL §195(1)" (Am. Compl. ¶¶ 73, 97, 122, 149, 173, 195) (emphasis added);

- "***Defendants*** required [Plaintiffs] to purchase 'tools of the trade' with [their] own funds . . ." (Am. Compl. ¶¶ 74, 98, 123, 150, 174, 196) (emphasis added);

- "***Defendants'*** pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage" (Am. Compl. ¶ 199) (emphasis added);

- "***Defendants*** habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation" (Am. Compl. ¶ 200) (emphasis added);

- "***Defendants*** required Plaintiffs and all other tipped workers to perform general non-tipped tasks in addition to their primary duties" (Am. Compl. ¶ 201) (emphasis added);

- "***Defendants*** failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken" (Am. Compl. ¶ 208) (emphasis added);

- "***Defendants*** failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage" (Am. Compl. ¶ 209) (emphasis added); and

108042052

- "***Defendants*** unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007)" (Am. Compl. ¶ 212) (emphasis added).

Each individual Plaintiff also alleges "approximately" how many hours they worked during their employment, with several Plaintiffs alleging that they "typically" worked more than 40 hours per week. For example:

- Plaintiff Eutiquio Leon Garcia alleges the following with respect to weeks he worked more than 40 hours:
    - "From ***approximately*** October 2013 until on or about December 15, 2016, Plaintiff Leon worked from ***approximately*** 4:00 p.m. until on or about 11:00 p.m. to 11:30 p.m., 7 days a week (***typically*** 49 to 52.5 hours per week)" (Am. Compl. ¶ 106) (emphasis added); and
    - "From ***approximately*** December 16, 2016 until on or about July 15, 2019, Plaintiff Leon worked from ***approximately*** 5:00 p.m. until on or about 11:00 p.m. to 11:30 p.m., 7 days a week (***typically*** 42 to 45.5 hours per week)" (Am. Compl. ¶ 107) (emphasis added).
- Plaintiff Hugo Alejandro Gallardo alleges the following with respect to weeks he worked more than 40 hours:
    - "From ***approximately*** May 8, 2016 until on or about July 31, 2016, Plaintiff Gallardo worked from ***approximately*** 7:00 a.m. until on or about 11:00 a.m. and from ***approximately*** 12:00 p.m. until on or about 6:00 p.m., 5 days a week (***typically*** 40 to 50 hours per week)" (Am. Compl. ¶ 132) (emphasis added); and

5

- o "From *approximately* October 16, 2017 until on or about December 3, 2017, Plaintiff Gallardo worked from *approximately* 7:00 a.m. until on or about 11:00 a.m. and from *approximately* 12:00 p.m. until on or about 4:00 p.m. until on or about 6:00 p.m., 5 days a week (*typically* 40 to 50 hours per week)" (Am. Compl. ¶ 134) (emphasis added).

- Plaintiff Jose Garcia alleges the following with respect to weeks he worked more than 40 hours:

  - o "From *approximately* April 25, 2019 until on or about August 16, 2019, Plaintiff Garcia worked from *approximately* 8:00 a.m. until on or about 3:00 p.m. to 5:00 p.m., 4 days a week and from *approximately* 9:00 a.m. until on or about 5:00 p.m. to 7:00 p.m., 2 days a week three weeks per month (*typically* 44 hours per week)" (Am. Compl. ¶ 157) (emphasis added); and

  - o "From *approximately* April 25, 2019 until on or about August 16, 2019, Plaintiff Garcia worked from *approximately* 8:00 a.m. until on or about 3:00 p.m. to 5:00 p.m., 4 days a week and from *approximately* 9:00 a.m. until on or about 12:00 a.m., one day a week one week per month (*typically* 71 hours per week)" (Am. Compl. ¶ 158) (emphasis added).

With respect to Plaintiffs' overtime claims, Plaintiffs allege, in conclusory fashion only, that "Defendants . . . failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week." (Am. Compl. ¶¶ 241, 250).

6

108042052

## LEGAL ARGUMENT

### I. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the facts set forth in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted).

Under this controlling standard, the Amended Complaint should be dismissed.

### II. PLAINTIFFS' AMENDED COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE IT IMPERMISSIBLY UTILIZES GROUP PLEADINGS AND DOES NOT COMPLY WITH RULE 8 PLEADING STANDARDS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are supposed to be "simple, concise, and direct." Fed. R. Civ. P. 8(d). "Unnecessary prolixity in a

7

pleading" is generally not tolerated, as it "places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281 (1969)). Rule 8(a) further requires plaintiffs to "indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants." *Am. Sales Co. v. AstraZeneca AB*, No. 10 Civ. 6062 (PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011). Plaintiffs cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6-7 (S.D.N.Y. Dec. 3, 2012).

Throughout the Amended Complaint, Plaintiffs makes sweeping references to the "Defendants" without attempting to distinguish between them. Indeed, the Amended Complaint is littered with examples of this type of improper pleading practice. *See, infra*, pp. 2-4. Thus, Plaintiffs' impermissible group pleading fail to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Specifically, the Amended Complaint fails to comply with Rule 8, particularly as it relates to the Individual Defendants, as Plaintiffs' allegations are inexcusably asserted against all Defendants along with "[t]hreadbare recitals of the elements of a cause of action." *Mills-Sanchez v. Research Found. for State Univ. of New York*, No. 1:18-CV-723 (GLS) (DJS), 2019 WL 2549726, at *5 (N.D.N.Y. June 20, 2019). In order to include the Individual Defendants as defendants in this proceeding, Plaintiffs have simply "lumped" each Individual Defendant in with Rosemary's and allege that all "Defendants" were responsible for the alleged violations of the FLSA and the New York Labor Law ("NYLL"). Just as in *Am. Sales Co.*, and *Ochre LLC*, the

8

failure to distinguish each Defendant's alleged conduct results in the Amended Complaint reading as if each Defendant committed all of the alleged wrongful acts, such that none of the Individual Defendants have been provided with adequate notice of the claims against them specifically, warranting dismissal of the Amended Complaint. *See Ochre LLC*, 2012 WL 6082387, at *6-7 (dismissing complaint because plaintiffs engaged in group pleading in violation of Rule 8).

A Plaintiff cannot employ group pleading in an attempt to "force the various defendants to guess at the nature" of its claims. *Ochre LLC*, 2012 WL 6082387, at *7 (dismissing, with prejudice where plaintiff failed to allege "plausible facts" supporting its claims or conduct by each defendant constituting wrongful acts); *see also Leneau v. Ponte*, No. 1:16-CV-776-GHW, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018), *appeal dismissed* (2d Cir. July 16, 2018) (complaints that rely on "group pleading" and "fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.") (internal citations omitted). However, this is exactly what the Amended Complaint forces Defendants to do. Accordingly, Plaintiffs' Amended Complaint should be dismissed because it fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

### III. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS, DISMISS PLAINTIFF'S FLSA OVERTIME CLAIMS, AND DISMISS THE AMENDED COMPLAINT WITH RESPECT TO PLAINTIFF EDGAR ROLANDO GUTIERREX LOPEZ

If the Court declines to dismiss the Amended Complaint in its entirety, the Court should: (1) dismiss the Amended Complaint against the Individual Defendants because Plaintiffs fail to allege that the Individual Defendants were their employers under the FLSA; (2) dismiss Plaintiffs' FLSA overtime claims because Plaintiffs fail to comply with the pleading standard in the Second Circuit for such claims; and (3) dismiss the Amended Complaint with respect to Plaintiff Edgar

9

Rolando Gutierrez Lopez because his FLSA claims are time-barred and the Court should decline to exercise supplemental jurisdiction over Plaintiff Lopez's state law claims.

### A. Plaintiffs Fail to Allege that the Individual Defendants Were Their Employers Under the FLSA

The Amended Complaint fails to allege any facts that the Individual Defendants were Plaintiffs employers under the FLSA. Therefore, the Individual Defendants should be dismissed from the action.

Individual liability under the FLSA only extends to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This determination is "grounded in 'economic reality rather than technical concepts, determined by reference not to 'isolated factors, but rather upon the circumstances of the whole activity.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted). Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12. Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

In the Amended Complaint, Plaintiffs fail to allege facts addressing any of these factors, other than in a wholly conclusory manner. Plaintiffs' only allegations addressing the Individual Defendants' role in their employment are that each individual "possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation" and that the

10

Individual Defendants "determine[] the wages and compensation of the employees of Defendants, including Plaintiffs, establish[] the schedules of the employees, maintain[] employee records, and [have] the authority to hire and fire employees." (Am. Compl. ¶¶ 35-41). Individual liability cannot be based on such conclusory allegations alone and Plaintiffs' failure to allege any facts that would show the Individual Defendants exercised operational control over them or any other individuals warrants dismissal of their FLSA claim against the Individual Defendants. *See, e.g., Vasto v. Credico (USA) LLC*, No. 15 CIV. 9298 (PAE), 2016 WL 4147241, at *7 (S.D.N.Y. Aug. 3, 2016) (dismissing FLSA claims against individual defendant where the complaint "d[id] not plead any facts that would permit the Court to infer that Young had 'operational control' over 'employment-related factors such as workplace conditions and operations, personnel, or compensation.'") (quoting *Irizarry*, 722 F.3d at 109).

As such, Plaintiffs' FLSA claims against the Individual Defendants should be dismissed.

**B.  Plaintiffs Have Not Alleged Sufficient Facts to Support an Overtime Claim Under the FLSA**

Plaintiffs also fail to allege a claim for unpaid overtime under the FLSA. "[T]o survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours" and "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. Here, Plaintiffs fail to sufficiently allege that they worked more than 40 hours in a given work week as well as that they worked uncompensated time in excess of the 40 hours.

For example, Plaintiff Eutiquio Leon Garcia alleges that, "From *approximately* October 2013 until on or about December 15, 2016, Plaintiff Leon worked from *approximately* 4:00 p.m. until on or about 11:00 p.m. to 11:30 p.m., 7 days a week (*typically* 49 to 52.5 hours per week)." (Am. Compl. ¶ 106) (emphasis added). Plaintiff Garcia also alleges that, "From *approximately*

11

December 16, 2016 until on or about July 15, 2019, Plaintiff Leon worked from *approximately* 5:00 p.m. until on or about 11:00 p.m. to 11:30 p.m., 7 days a week (*typically* 42 to 45.5 hours per week)." (Am. Compl. ¶ 107) (emphasis added). Similarly, Plaintiff Hugo Alejandro Gallardo alleges that, "From *approximately* May 8, 2016 until on or about July 31, 2016, Plaintiff Gallardo worked from *approximately* 7:00 a.m. until on or about 11:00 a.m. and from *approximately* 12:00 p.m. until on or about 6:00 p.m., 5 days a week (*typically* 40 to 50 hours per week)." (Am. Compl. ¶ 132) (emphasis added). He also alleges that, "From *approximately* October 16, 2017 until on or about December 3, 2017, Plaintiff Gallardo worked from *approximately* 7:00 a.m. until on or about 11:00 a.m. and from *approximately* 12:00 p.m. until on or about 4:00 p.m. until on or about 6:00 p.m., 5 days a week (*typically* 40 to 50 hours per week)." (Am. Compl. ¶ 134) (emphasis added). Finally, Plaintiff Jose Garcia alleges that "From *approximately* April 25, 2019 until on or about August 16, 2019, Plaintiff Garcia worked from *approximately* 8:00 a.m. until on or about 3:00 p.m. to 5:00 p.m., 4 days a week and from *approximately* 9:00 a.m. until on or about 5:00 p.m. to 7:00 p.m., 2 days a week three weeks per month (*typically* 44 hours per week)" (Am. Compl. ¶ 157) (emphasis added) and that "From *approximately* April 25, 2019 until on or about August 16, 2019, Plaintiff Garcia worked from *approximately* 8:00 a.m. until on or about 3:00 p.m. to 5:00 p.m., 4 days a week and from *approximately* 9:00 a.m. until on or about 12:00 a.m., one day a week one week per month (*typically* 71 hours per week)." (Am. Compl. ¶ 158) (emphasis added).

These and similar allegations throughout the Amended Complaint fail to allege any specific week Plaintiffs worked more than 40 hours and fail to allege that any Plaintiff was not compensated at the overtime rate for the specific hours worked over 40 in a given week. Since *Lundy*, Courts have routinely held that using ambiguous words such as "approximately" and "typically" does not meet the pleading standards necessary to assert an FLSA claim. *See, e.g., Amponin v. Olayan Am. Corp.*,

12

108042052

No. 14-cv-2008 (TPG), 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16, 2015) (dismissing complaint alleging that plaintiff "generally work[ed] from 9 a.m. to 7 p.m., and 'occasionally later' " but identified "neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week"); *Serrano v. I. Hardware Distrib., Inc.*, No. 14-cv-2488 (PAC), 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015) (dismissing FLSA claims where two plaintiffs alleged the "average" hours worked per week because they constituted "conclusory assertion[s], without any supporting factual context," that they "worked some number of excess hours in some unidentified week."); *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313 (RMB) (JLC), 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (dismissing claim where plaintiff "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock").

Accordingly, Plaintiffs' claims that they were not properly paid overtime under the FLSA should be dismissed.

### C. Plaintiff Edgar Rolando Gutierrez Lopez's FLSA Claim is Time-Barred

Plaintiffs' FLSA claims are the sole basis of subject matter jurisdiction for their Amended Complaint. (Am. Compl. ¶ 19). They do not allege any other federal claim nor do they assert that diversity exists among the parties. With respect to Plaintiff Edgar Rolando Gutierrez Lopez, the Amended Complaint alleges that Plaintiff Lopez was employed by Defendants "from approximately September 1, 2015 until on or about September 15, 2016." (Am. Compl. ¶ 75). However, because the Original Complaint was filed on October 16, 2019, Plaintiff Lopez's FLSA claims are outside the FLSA's statute of limitations period and therefore time-barred. *See* 29 U.S.C. § 255(a).

The statute of limitations for FLSA claim is two years unless the aggrieved individuals establishes that the purported FLSA violation was willful, in which case the limitations period is extend to three years. *See id.* In the Amended Complaint, Plaintiff Lopez alleges that he ceased working for Defendants on September 15, 2016. Therefore, in order for his FLSA claims to be

13

timely, Plaintiff Lopez had to file his complaint no later than September 15, 2018, or if he claimed that the FLSA violations were willful, he had until September 15, 2019 to file a complaint. He did not do so. The original Complaint in this action was not filed until October 16, 2019, one month after the statute of limitations with respect to any FLSA claim that Plaintiff Lopez could assert expired. Therefore, Plaintiff Lopez's FLSA claims are time-barred and should be dismissed.

Because Plaintiff Lopez's FLSA claims are the only federal claims raised in the Amended Complaint, and such claims are time-barred, the Court should decline to exercise supplemental jurisdiction over Plaintiff Lopez's remaining state law claims and those claims also should be dismissed. Federal law at 28 U.S.C. § 1367(c) allows the Court to decline to exercise supplemental jurisdiction over pendant state or local law claims if the Court has "dismissed all claims over which it has original jurisdiction." At this early stage of the litigation, declining to exercise supplemental jurisdiction is appropriate. The Second Circuit has instructed district courts to decline supplemental jurisdiction in this very situation—"if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991); *see also Oliver v. Rio Acquisition Partners, LLC*, No. 1:18-CV-1794-GHW, 2019 WL 801952, at *4 (S.D.N.Y. Feb. 21, 2019) (quoting *First Capital Asset Mgmt.* and declining to exercise supplemental jurisdiction over five state law claims after dismissing plaintiff's FLSA claim). The Court's dismissal of Plaintiff Lopez's FLSA claims here warrants dismissal of his remaining state law claims.

Accordingly, all of Plaintiff Lopez's claims should be dismissed.

108042052

## CONCLUSION

Because Plaintiffs impermissibly employ group pleading in the Amended Complaint in violation of the requirements of Rule 8, the Court should dismiss the Amended Complaint in its entirety. Alternatively, the Court should: (1) dismiss the Amended Complaint against the Individual Defendants because Plaintiffs fail to allege that the Individual Defendants were their employers under the FLSA; (2) dismiss Plaintiffs' FLSA overtime claims because Plaintiffs fail to comply with the pleading standard in the Second Circuit for such claims; and (3) dismiss the Amended Complaint with respect to Plaintiff Edgar Rolando Gutierrez Lopez because his FLSA claims are time-barred and the Court should decline to exercise supplemental jurisdiction over Plaintiff Lopez's state law claims.

DATED: March 5, 2020  
New York, New York

Respectfully submitted,

FOX ROTHSCHILD LLP

By: _____  
Carolyn D. Richmond  
Glenn S. Grindlinger  
Matthew C. Berger  
crichmond@foxrothschild.com  
ggrindlinger@foxrothschild.com  
mberger@foxrothschild.com  
101 Park Avenue, 17th Floor  
New York, NY 10178  
(212) 878-7900

*Attorneys for Defendants*