USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUQUE FALLON, individually and on behalf of others similarly situated, EDGAR ROLANDO GUTIERREZ LOPEZ, individually and on behalf of others similarly situated, EUTIQUIO LEON GARCIA, individually and on behalf of others similarly situated, HUGO ALEJANDRO GALLARDO, individually and on behalf of others similarly situated, JOSE GARCIA, individually and on behalf of others similarly situated, GILBERTO LUCA TOLENTINO, individually and on behalf of others similarly situated,

                      Plaintiffs,

-against-

18 GREENWICH AVENUE, LLC, d/b/a ROSEMARY'S, CARLOS SUAREZ, CINDI BYUN, RUFIO LERMA, SEAN WEBSTER, JENNIFER DOE, ERIC GOTTHELF, and WADE MOISES,

                      Defendants.

1:19-cv-9579-MKV

OPINION AND ORDER
GRANTING IN PART AND
DENYING IN PART
MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiffs Duque Fallon, Edgar Rolando Gutierrez Lopez, Eutiquio Leon Garcia, Hugo Alejandro Gallardo, Jose Garcia, and Gilberto Lucas Tolentino (collectively, "Plaintiffs") bring this putative collective action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (First Am. Compl. ("FAC") [ECF No. 29].) Plaintiffs allege to be former employees of 18 Greenwich Avenue, LLC d/b/a Rosemary's ("Rosemary's") and Carlos Suarez, Cindi Byun, Rufio Lerma, Sean Webster, Jennifer Doe, Eric Gotthelf, and Wade Moises ("Individual Defendants" and together with Rosemary's, "Defendants").[1]  Defendants move to

---

[1] Counsel for Defendants do not represent Defendant Jennifer Doe. Because Defendants' arguments apply equally to Doe, the Court includes her with Defendants in considering the pending motion. *See, e.g.*, *Marcelin v. Cortes-Vazquez*, No. 09–CV–4303 (RRM)(JMA), 2010 WL 5665037, at *3 n.4 (E.D.N.Y. Dec. 9, 2010) (noting that courts have discretion to dismiss claims *sua sponte* against non-appearing defendants where the plaintiff has received notice and an opportunity to be heard (collecting cases)).

1

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Mot. Dismiss [ECF No. 66].)  For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

### A. Factual Background[2]

The First Amended Complaint makes the same allegations on behalf of each Plaintiff asserted against all Defendants, duplicated nearly verbatim.  Defendants own and operate Rosemary's, an Italian restaurant in Manhattan.  (FAC ¶ 2.)  Plaintiffs worked at Rosemary's in various capacities as a bartender, a barback, busboys, waiters, delivery workers, and food runners, at different times between September 2013 to September 2019.  (FAC ¶¶ 4–5, 22, 24, 26, 28, 30, 32.)

Despite being employed in tipped positions, Plaintiffs spent over twenty percent of each workday performing "non-tipped duties."  (FAC ¶¶ 5, 12, 52, 57, 78, 103, 128, 154, 178.)  Defendants deducted $2.50 per shift from Plaintiffs' weekly paychecks for meals Plaintiffs did not eat or meal breaks they did not take.  (FAC ¶¶ 66, 70, 93, 114, 118, 143, 146, 164, 169, 187, 192.)  Defendants never notified Plaintiffs that their tips were included as an offset for wages.  (FAC ¶¶ 67, 89, 115, 144, 165, 188.)

During the course of their employment, Plaintiffs never received an accurate statement of wages.  (FAC ¶¶ 72, 95, 120, 148, 171, 194.)  Plaintiffs also never received any notification regarding overtime and wages by posted notices or other means (FAC ¶¶ 71, 94, 119, 147, 170, 193) or a notice of their rate of pay (FAC ¶¶ 73, 97, 122, 149, 173, 195).  In addition, Plaintiffs

---

[2] The following facts are adduced from the First Amended Complaint. On the pending motion, the Court is "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006) (citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)); *accord Oakley v. Dolan*, 980 F.3d 279, 283 (2d Cir. 2020); *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017).

were required to purchase "tools of the trade" with their own funds. (FAC ¶¶ 74, 98, 123, 150, 174, 196.)

Plaintiffs further allege that Defendants maintained various general unlawful employment practices. To name a few, Defendants did not compensate Plaintiffs for all hours worked, causing Plaintiffs to receive less than the minimum wage. (FAC ¶¶ 199–200.) In addition, Defendants improperly classified Plaintiffs as tipped employees and did not pay them at the minimum wage rate even though their nontipped duties exceeded twenty percent of each workday. (FAC ¶¶ 205–07.) Defendants also failed to record tips earned by each Plaintiff and deprived them of a portion of the tips they received by misappropriating charges purported to be gratuities. (FAC ¶¶ 210–12.)

**B. Procedural Background**

Plaintiffs filed the original Complaint in this action alleging a dozen causes of action under the FLSA and NYLL. (*See generally* Compl. [ECF No. 1].) Plaintiffs filed the First Amended Complaint days later. (FAC.) Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss.) Plaintiffs filed an opposition (Opp. [ECF No. 68]), and Defendants filed a reply (Reply [ECF No. 69]).[3]

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads

---

[3] Defendants requested oral argument in their motion. (Mot. Dismiss.) Because oral argument is not needed to rule on their motion, Defendants' request for oral argument is denied. *See AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*, 181 F.3d 216, 226 (2d Cir. 1999) (per curiam) (noting that "a district court's decision whether to permit oral argument rests within its discretion" (citing *Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989))); *see also Henderson v. Lagoudis*, No. 3:12cv1688 (JBA), 2014 WL 813120, at *1 n.1 (D. Conn. Feb. 28, 2014) (denying request for oral argument because it was not necessary to decide pending motion).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations, internal quotation marks, and citations omitted).

## DISCUSSION

Defendants argue that the First Amended Complaint should be dismissed in its entirety because Plaintiffs rely on impermissible group pleading. (Defs.' Br. 7–9.) Alternatively, Defendants argue that (1) the First Amended Complaint should be dismissed against the Individual Defendants because Plaintiffs have not plausibly alleged that the Individual Defendants are employers under the FLSA; (2) the FLSA overtime claims should be dismissed as improperly pleaded; and (3) the Amended Complaint should be dismissed as to Plaintiff Edgar Rolando Gutierrez Lopez because his FLSA claims are time-barred and the Court should decline to exercise supplemental jurisdiction over his NYLL claims. (Defs.' Br. 9–14.)

**A.  The First Amended Complaint Is Not Subject To Dismissal on Group Pleading Grounds**

Defendants' argument for wholesale dismissal of the First Amended Complaint on group pleading grounds is misplaced. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule requires a plaintiff to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "'[I]t is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading

purposes,' and that 'Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it.'" *Nesbeth v. N.Y.C. Mgmt. LLC*, 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019) (quoting *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15cv6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017)); *accord Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order).

In the labor law context, courts have entertained group pleading arguments only with respect to allegations concerning whether particular defendants constitute "employers." *See Stewart v. Hudson Hall LLC*, No. 20 Civ. 885 (PGG), 2020 WL 8732875, at *8 (S.D.N.Y. Oct. 19, 2020); *Hernandez v. BMNY Contracting Corp.*, No. 17 Civ. 9375 (GBD), 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019); *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001); *see also Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17 Civ. 802 (GBD), 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018) ("Plaintiffs' attempt to simply lump all seventeen Defendants together into one allegation—without any accompanying facts to support the inference that Moving Defendants had the power to control Plaintiff—is insufficient to satisfy the *Twombly*/*Iqbal* pleading standard." (citing *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474 (WK), 2011 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2011))).

For purposes of the FLSA and NYLL, "[a]n individual may simultaneously have multiple 'employers' . . . in which case, 'all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA and NYLL].'" *Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 421 (S.D.N.Y. 2017) (quoting 29 C.F.R. § 791.2(a)); *see also Ortiz v. Red Hook Deli & Grocery 2015 Corp.*, No. 17-CV-7095 (RRM), 2019 WL 4739047, at *7 (E.D.N.Y. June 12, 2019) (noting that an employee may have multiple employers under the FLSA and NYLL (collecting cases)), *report & recommendation adopted*, 2019 WL 4741626

(E.D.N.Y. Sept. 26, 2019). Because joint employers are subject to joint and several liability under the FLSA and NYLL, once a plaintiff shows that the defendants qualify as employers, the plaintiff need only establish the existence of FLSA or NYLL violations to subject all employer defendants to liability. *See, e.g.*, *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) ("As the Court has found that Las Delicias and the Individual Defendants were jointly Plaintiffs' employers, each Defendant is jointly and severally liable under the FLSA and the NYLL for any damages award made in Plaintiffs' favor." (collecting cases)); *see also Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, No. 19-cv-8107 (JGK), 2020 WL 6192818, at *6 (S.D.N.Y. Oct. 22, 2020) (noting that "being an 'employer'—or a 'joint employer' as the case may be—determines the scope of liability under the [FLSA]" (citing *Chao v. A-One Med. Servs.*, 346 F.3d 908, 917 (9th Cir. 2003); and *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986))).

Here, Plaintiffs seek to hold Defendants liable under a joint employer theory. (FAC ¶¶ 42–51.) Defendants direct their group pleading argument to the alleged FLSA and NYLL violations, not whether the Individual Defendants qualify as employers. Defendants do not cite one case where FLSA and NYLL claims were dismissed *in toto* on group pleading grounds. (Defs.' Br. 7–9.) In fact, the cases on which they base their group pleading arguments are not even FLSA or NYLL cases. *See Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) (Section 1983); *Mills-Sanchez v. Research Found. for State Univ. of N.Y.*, 1:18-cv-723 (GLS/DJS), 2019 WL 2549726 (N.D.N.Y. June 20, 2019) (Title VII and Section 1983); *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6–7 (S.D.N.Y. Dec. 3, 2012) (copyright infringement and common law claims); *American Sales Co., Inc. v. AstraZeneca AB*, No. 10 Civ. 6062(PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011) (Sherman Act).

Plaintiffs do not employ group pleading in alleging that the Individual Defendants were their employers.  Rather, Plaintiffs make individualized, albeit boilerplate and conclusory, allegations with respect to each Defendant. (*See* FAC ¶¶ 35–41.)  As discussed below, however, Plaintiffs' individualized allegations are deficient in other respects.  Accordingly, the Court declines to dismiss the First Amended Complaint on group pleading grounds and considers Defendants' remaining arguments.

### B. Plaintiffs Have Not Adequately Alleged That the Individual Defendants Are Employers Under the FLSA

The FLSA imposes liability on any "employer" who violates the FLSA's minimum wage and overtime provisions. *Fernandez v. HR Parking Inc.*, 407 F. Supp. 3d 445, 450 (S.D.N.Y. 2019) (citing 29 U.S.C. § 216(b), (e)(2)).  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

The Second Circuit has instructed that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'"  *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (quoting *Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)).  In determining the economic reality of an employment relationship, courts consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.* at 104–05 (quoting *Barfield*, 537 F.3d at 142); *accord Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

The First Amended Complaint alleges, "Upon information and belief, individual Defendants . . . serve or served as owners, managers, principals, or agents of Defendant

Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise." (FAC ¶ 3.) It then repeats identical, boilerplate allegations with respect to each individual Defendant: "[Name of Individual Defendant] possesses operational control over Defendant Corporation . . . and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees." (FAC ¶¶ 35–41.) The First Amended Complaint also contains conclusory allegations that Defendants constitute "employers" under the FLSA. (*See, e.g.*, FAC ¶ 49 (alleging that "Defendants were Plaintiffs' employers within the meaning of the FLSA").)

Plaintiffs have not adequately pleaded that the Individual Defendants were their employers under the FLSA. The First Amended Complaint does not provide the specific factual allegations necessary to satisfy the economic reality test. It simply recites the four factors of the economic reality test without "'specific facts' about the individual defendants' alleged management of the restaurant[]." *Ruixuan Cui v. East Palace One, Inc.*, No. 17 Civ. 6713 (PGG), 2019 WL 4573226, at *7 (S.D.N.Y. Sept. 20, 2019); *see, e.g.*, *Park v. Sancia Healthcare Inc.*, 17-cv-00720 (PMH), 2020 WL 3440096, at *4 (S.D.N.Y. June 23, 2020) (deeming allegations insufficient for FLSA liability where "Plaintiff fail[ed] to include any allegations in her Complaint which indicate that the Individual Defendants had any control over employees"). It is well established that "boilerplate allegations that simply recite the elements of the economic reality test are insufficient to state a claim." *Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406 (VEC), 2018 WL 279756, at *3 (S.D.N.Y. Jan. 2, 2018) (citing *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009)); *see also De Quan Lu v. Red Koi, Inc.*, No. 17-CV-7291 (VEC), 2020 WL 7711410, at *3 (S.D.N.Y. Dec. 29,

2020) (noting that "to state a claim under the standards outlined in *Twombly* and *Iqbal*, plaintiffs must do more than list the four factors that comprise the economic reality test" (collecting cases)).

This case is on all fours with *Maldonado Juarez v. Butterfield Catering Inc.*, 20-cv-4537 (LJL), 2020 WL 6945944 (S.D.N.Y. Nov. 25, 2020). The plaintiff in *Maldonado Juarez* was represented by the same counsel and asserted identical allegations—word-for-word—as Plaintiffs here. *See* 2020 WL 6945944, at *3–4.[4] In *Maldonado Juarez*, Judge Liman held that the allegations failed to establish an employer-employee relationship because they were "threadbare" and "contain[ed] none of the factual detail necessarily to show the economic reality that any of the Individual Defendants was an employer." *Id.* at *4. The Court similarly holds that the First Amended Complaint fails to demonstrate that the Individual Defendants were Plaintiffs' employers under the FLSA. Accordingly, Plaintiffs' FLSA claims against the Individual Defendants must be dismissed.

## C. All Plaintiffs Other Than Duque Fallon Have Plausibly Stated FLSA Overtime Claims

Under the FLSA, an employee shall "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)). The Second Circuit has explained that to state a plausible FLSA overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some

---

[4] Several courts in this circuit have acknowledged that Plaintiffs' counsel, Michael Faillace & Associates, P.C., recycles the same standardized, boilerplate complaint in myriad actions. *See Portillo v. New Ko-Sushi Japanese Rest., Inc.*, No. 16-CV-2429 (JMF), 2017 WL 3995602, at *1 (S.D.N.Y. Sept. 8, 2017) ("Based on the Court's experience in these kinds of cases generally and with Mr. Faillace's firm specifically . . . , the Court finds it hard to believe that Mr. Faillace began from scratch when drafting the standardized complaint in this case."); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 14 Civ. 10234, 2016 WL 4704917, at *21 (S.D.N.Y. Sept. 8, 2016) ("Several courts in this District have noted the boilerplate nature of the papers used by Faillace's firm . . . ." (collecting cases)), *report & recommendation adopted*, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016); *Yuquilema v. Manhattan's Hero Corp.*, No. 13–CV–461 (WHP)(JLC), 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) (noting boilerplate nature of complaint used by the Faillace firm).

uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)); *see also Nakahata*, 723 F.3d at 201 (noting that a plaintiff "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week"). A plaintiff is not required to "keep careful records and plead their hours with mathematical precision." *Dejesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85, 90 (2d Cir. 2013); *see also Nam v. Ichiba Inc.*, No. 19-cv-1222(KAM), 2021 WL 878743, at *6 (E.D.N.Y. Mar. 9, 2021) (noting that a plaintiff "does not need to actually estimate the number of hours he worked in 'some or all workweeks'" (quoting *Dejesus*, 726 F.3d at 90)). Instead, a plaintiff must provide "sufficient factual allegations . . . rather than a general and conclusory allegation as to the number of hours 'routinely' worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Humphrey v. Rav Investigative & Sec. Servs. Ltd.*, 169 F. Supp. 3d 489, 496 (S.D.N.Y. 2016) (ellipsis omitted) (quoting *Bustillos v. Acad. Bus, LLC*, No. 13 CIV. 565 (AJN), 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014)).

The First Amended Complaint provides, for each Plaintiff, "approximate[]" time periods worked at Rosemary's, "approximate[]" hours worked each day of the week, and an estimated number of hours "typically" worked per week, identifying specifically those weeks where Plaintiffs worked in excess of 40 hours. (FAC ¶¶ 60–62, 81–82, 106–08, 131–35, 157–58, 182–83.) Plaintiffs allege that they did not receive overtime compensation for any hours worked in excess of 40 hours per week. (FAC ¶¶ 197, 241, 250.) They also allege that specific Plaintiffs were not compensated for additional hours worked when they were required to stay later or work longer than scheduled. (FAC ¶¶ 86–87, 112–13, 162–63.)

As an initial matter, Plaintiff Duque Fallon cannot maintain an FLSA overtime claim because he fails to allege a single week where he worked over forty hours. He alleges to have worked 35 to 36 hours per week from April 2015 to September 2015; 36 to 37 hours per week from October 2015 to late December 2016; and 20 to 30 hours per week from late December 2016 to October 2017. (FAC ¶¶ 60–62.) A 40-plus-hour workweek is a prerequisite to an FLSA overtime claim. *See* 29 U.S.C. § 207(a)(1); *Lundy*, 711 F.3d at 114; *see also Gomez v. Dynaserv Indus., Inc.*, 15 CV 3452 (SJ) (PK), 2016 WL 6072371, at *2 (E.D.N.Y. Oct. 17, 2016) (noting that an FLSA claim requires "that each plaintiff plead the existence of a workweek during which his compensable hours exceeded 40 and during which he was paid for 40 hours or less"). In multi-plaintiff FLSA cases, it does not "suffice[] to allege plausible claims as to some plaintiffs and, as to the other plaintiffs, merely to allege 'me too' in conclusory fashion." *Kearse v. City of New York*, No. 17-CV-9982 (JMF), 2018 WL 2059658, at *2 (S.D.N.Y. May 1, 2018) (collecting cases); *see also Murray v. City of New York*, No. 16-CV-8072 (PKC), 2017 WL 3531552, at *3 (S.D.N.Y. Aug. 16, 2017) (rejecting argument that it was unnecessary to assert "individualized allegations as to each plaintiff in a multi-plaintiff FLSA complaint"). Accordingly, Plaintiff Duque Fallon cannot maintain an FLSA overtime claim.

As to the other Plaintiffs, Defendants argue that by using the words "approximately" and "typically" in their allegations, Plaintiffs have failed to allege concretely that they worked more than 40 hours in a given week. (Defs.' Br. 11–13.) But Plaintiffs do not merely approximate that they "typically" worked over 40 hours each week. Rather, each Plaintiff alleges specific weeks and months worked at Rosemary's, specific hours worked each day of the week, and total hours worked each week. (*See* FAC ¶¶ 81, 106–07, 132, 134, 157–58, 182–83.) *See, e.g.*, *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168 (E.D.N.Y. 2018); *cf. Farmer v. Dr. Lucia Patino,*

11

*Optometrist, P.C.*, No. 18-cv-01435(AMD)(LB), 2019 WL 110956, at *4 (E.D.N.Y. Jan. 4, 2019) (dismissing FLSA overtime claim where the "plaintiff d[id] not specify how many hours in excess of 40 that he worked per week, nor d[id] he include the times he came in and left work").

Nothing in *Iqbal*, *Twombly*, or Second Circuit FLSA precedent forbids Plaintiffs from relying on approximations or estimates at the pleading stage. *Escamilla v. Young Shing Trading Co., Inc.*, 17-CV-652-MKB-SJB, 2018 WL 1521858, at *3 (E.D.N.Y. Jan. 8, 2018); *see Lundy*, 711 F.3d at 114 n.7 (noting that "an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility"). Indeed, courts routinely hold that estimates of hours worked are sufficient to state a claim if the allegations plausibly allege over 40 hours or work in a given workweek with uncompensated time in excess of 40 hours. *See, e.g.*, *Maldonado Juarez*, 2020 WL 6945944, at *2 (denying motion to dismiss where plaintiff alleged specific dates and hours notwithstanding use of "approximately" and "typically"); *Hernandez v. Spring Rest Grp., LLC*, No. 17-CV-6084 (AJN), 2018 WL 3962832, at *3 (S.D.N.Y. Aug. 17, 2018) (same); *Mendoza v. Little Luke, Inc.*, No. 14–CV–3416 (JS)(GRB), 2015 WL 998215, at *5 (E.D.N.Y. Mar. 6, 2015) (denying motion to dismiss where amended complaint "approximate[d] each Plaintiff's weekly hours at various points of his employment along with specific start and end times for each day of work"); *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 457 (E.D.N.Y. 2014) (denying motion to dismiss where plaintiff alleged that she "worked approximately fifty hours . . . but was only paid for forty hours"); *Di Simone v. CN Plumbing, Inc.*, No. No. 13–CV–5088, 2014 WL 1281728, at *4 (E.D.N.Y. Mar. 31, 2014) (denying motion to dismiss where plaintiff "allege[] that he typically worked over 40 hours per week on each of these projects and was not appropriately compensated (or compensated at all) for these overtime hours").

The three cases on which Defendants rely are inapposite. (Defs.' Br. 12–13.) In those cases, the plaintiffs identified neither a specific week in which they worked more than 40 hours nor the specific number of hours worked during any given week. *See Serrano v. I. Hardware Distribs., Inc.*, No. 14–cv–2488 (PAC), 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015); *Amponin v. Olayan America Corp.*, No. 14 Civ. 2008(TPG), 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16, 2015); *Johnson v. Equinox Holdings, Inc.*, No. 13 Civ. 6313(RMB)(JLC), 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014). Here, Plaintiffs identify specific weeks they allegedly worked in excess of 40 hours without receiving appropriate compensation *and* the specific number of hours worked during those weeks. (*See* FAC ¶¶ 81, 106–07, 132, 134, 157–58, 182–83.) Accordingly, with the exception of Duque Fallon, Plaintiffs have plausibly stated FLSA overtime claims.

### D. Plaintiff Edgar Rolando Gutierrez Lopez's FLSA Claims Are Time-Barred, But Exercise of Supplemental Jurisdiction over His NYLL Claims Is Appropriate

Defendants correctly argue that Plaintiff Edgar Rolando Gutierrez Lopez's FLSA claims are time-barred and urge the Court to decline to exercise supplemental jurisdiction over his remaining NYLL claims. (Defs.' Br. 13–14.) The statute of limitations for violations of the FLSA is two years, unless the violation was "willful," in which case the statute of limitations is three years. 29 U.S.C. § 255(a); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009); *Bonaparte v. Tri-State Biodiesel, LLC*, No. 17-cv-2353 (RJS), 2018 WL 4538895, at *2 (S.D.N.Y. Sept. 20, 2018). Plaintiffs allege that Gutierrez stopped working at Rosemary's on September 15, 2016. (FAC ¶¶ 24, 75.) This action was commenced on October 16, 2019. (*See* Compl.) Accordingly, even if the alleged violations were willful, Gutierrez's FLSA claims are time-barred. *See, e.g.*, *Ibarra v. W&L Grp. Constr. Inc.*, No. 19-CV-01582 (AMD) (SMG), 2020 WL 7229602, at *3 (E.D.N.Y. Dec. 8, 2020); *see also Kone v. Joy Constr. Corp.*, No. 15CV1328-LTS, 2016 WL

13

866349, at *2 (S.D.N.Y. Mar. 3, 2016) (noting that "dismissal on statute of limitations grounds is proper only where a complaint plainly appears time-barred on its face" (citing *Harris v. City of New York*, 186 F.3d 243, 251 (2d Cir. 1999))).

While they do no dispute that Gutierrez's FLSA claims are time-barred, Plaintiffs argue that the Court should exercise supplemental jurisdiction over Gutierrez's NYLL claims. (Opp. 8–9.) "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)); *accord Briarpatch Ltd., L.P. v. Phx. Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). Claims derive from a common nucleus of operative fact when the facts underlying the claims "substantially overlap[]." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).

Even where the requirements of Section 1367(a) are satisfied, the Court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity." *Klein & Co. Futures Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006). The decision

whether to exercise "supplemental jurisdiction is within the sound discretion of the district court." *Lundy*, 711 F.3d at 117 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). "Once *all* federal claims have been dismissed, the balance of factors will 'usually' point toward a declination." *Lundy*, 711 F.3d at 118 (emphasis added) (alteration omitted) (quoting *Cohill*, 484 U.S. at 350 n.7).

Gutierrez's NYLL claims clearly derive from the same common nucleus of operative fact as the other Plaintiffs' FLSA claims and as such satisfy Section 1367(a). All claims in this action arise out of the same compensation policies and practices. *See, e.g.*, *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011); *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 551 (S.D.N.Y. 2017). Courts commonly find the common nucleus test satisfied where, as here, a non-FLSA plaintiff's NYLL claims "involve the same issues of hours and payments for plaintiffs who were employed in the same jobs, doing the same work, during periods that overlap with many of the FLSA plaintiffs." *Chen v. 2425 Broadway Chao Rest.*, No. 1:16-cv-5735-GHW, 2017 WL 2600051, at *5 (S.D.N.Y. June 15, 2015); *see, e.g.*, *Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 593 (S.D.N.Y. 2020) (exercising supplemental jurisdiction where non-FLSA plaintiffs' NYLL claims and the other plaintiffs' FLSA claims "involve[d] the same issues of hours and payments for plaintiffs who were employed in the same jobs, doing the same work, for the same employers").

Defendants ask the Court to decline to exercise supplemental jurisdiction over Gutierrez's NYLL claims because *his* federal claims have been dismissed. (Defs.' Br. 14). But not *all* federal claims in this action have been dismissed. "[F]ederal courts may, and often do exercise supplemental jurisdiction over state labor law claims, even when those employees' FSLA [sic] claims have been dismissed as time-barred." *Cano v. Four M Food Corp.*, No. 08–CV–3005

(JFB)(AKT), 2009 WL 5710143, at *11 (Feb. 3, 2009) (quoting *Wraga v. Marble Lite, Inc.*, No. 05-CV-5038 (JG)(RER), 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006)). In multi-plaintiff labor law actions, federal courts will decline to exercise supplemental jurisdiction over NYLL claims of those plaintiffs whose FLSA claims are time-barred only where the proof that would support the NYLL claims is sufficiently distinct from the proof that would support the other plaintiffs' FLSA claims. *See Zhang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-00840 (VSB), 2021 WL 634717, at *12–14 (S.D.N.Y. Feb. 16, 2021); *Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *5–6 (S.D.N.Y. Mar. 29, 2018).

The Court exercises its discretion to entertain supplemental jurisdiction over Gutierrez's NYLL claims. The proof that would support Gutierrez's NYLL claims would overlap with the proof that would support the other Plaintiffs' FLSA claims. Courts routinely exercise supplemental jurisdiction over the NYLL claims of a plaintiff whose FLSA claims are time-barred where other plaintiffs assert similar FLSA and NYLL claims. *See Huang*, 459 F. Supp. 3d at 593; *Chen*, 2017 WL 2600051, at *6; *Severin v. Project OHR, Inc.*, No. 10 Civ. 9696(DLC), 2011 WL 3902994, at *7 (S.D.N.Y. Sept. 2, 2011); *Chen v. Street Beat Sportswear, Inc.*, 364 F Supp. 2d 269, 277 (E.D.N.Y. 2005); *see also Lopes v. Heso, Inc.*, No. 16 CV 6796 (MKB)(RML), 2017 WL 4863084, at *4 (E.D.N.Y. Oct. 27, 2017) (noting that "[a] number of courts have thus maintained jurisdiction over plaintiffs with exclusively NYLL claims in combined FLSA/NYLL actions" (collecting cases)).

Moreover, severing jurisdiction over Gutierrez's NYLL claims would run counter to the interests of judicial economy by forcing him to sue in state court. "This split would leave claims with a common nucleus of operative fact straddled between federal and state courts, something that would inconvenience all parties involved and could lead to wasted judicial resources." *Chen*

16

*v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2018 WL 3973004, at *4 (E.D.N.Y. Aug. 20, 2018); *see also Ouedraogo v. Durso Assocs., Inc.*, No. 03 CV 1851, 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005) (exercising supplemental jurisdiction over a plaintiff with only NYLL claims because the claims "share[d] too many common threads with the other plaintiffs' federal claims for them to be separated from one another"). Because none of the four bases under § 1367(c) for declining jurisdiction applies, *Huang*, 459 F. Supp. 3d at 593; *Chen*, 2017 WL 2600051, at *6, the Court will exercise supplemental jurisdiction over Gutierrez's NYLL claims.

## LEAVE TO AMEND

Plaintiffs request leave to amend the First Amended Complaint to cure any deficiencies identified by the Court. (Opp. 5.) The Second Circuit has stated, "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Nevertheless, "a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." *Perri v. Bloomberg*, No. 11–CV–2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). In other words, leave to amend may be denied when amendment would be futile. *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006)). Amendment would be futile if the proposed claim could not withstand a motion to dismiss. *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) (quoting *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015)); *see Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court grants Plaintiffs leave to amend. The Court cannot conclude that amendment would be futile, other than with respect to Gutierrez's FLSA claims. As Plaintiffs concede, "the claims are lacking in detail." (Opp. 5.) Defendants argue that leave to amend should be denied because "Plaintiffs utterly disregard applicable pleading requirements in this Circuit after being apprised of the deficiencies in their pleadings." (Reply 5.) This assertion is wrong and disingenuous. Plaintiffs amended their original Complaint five days after commencing this action and *before* Defendants filed a pre-motion letter or motion to dismiss. In other words, Plaintiffs were not apprised of any pleading deficiencies. They are now, however, and they are advised that the Court will be reluctant to grant further leave to amend if Defendants successfully move to dismiss the Second Amended Complaint. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018).

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. To summarize:

- The motion is DENIED insofar as Defendants seek dismissal of the First Amended Complaint on group pleading grounds.
- The motion is GRANTED with respect to the FLSA claims against the Individual Defendants, and such claims are dismissed WITHOUT PREJUDICE.
- The motion is GRANTED IN PART and DENIED IN PART with respect to the FLSA overtime claims. With the exception of Duque Fallon, Plaintiffs have plausibly stated FLSA overtime claims. Plaintiff Duque Fallon's FLSA overtime claim is dismissed WITHOUT PREJUDICE.
- The motion is GRANTED with respect to Plaintiff Edgar Rolando Gutierrez Lopez's FLSA claims, and such claims are dismissed WITH PREJUDICE.

Plaintiffs are granted leave to file a Second Amended Complaint to cure any pleading deficiencies identified in this Opinion and Order. Plaintiffs shall file a Second Amended Complaint on or before April 7, 2021. If Defendants wish to move to dismiss the Second Amended Complaint, they should consult the Court's Individual Rules of Practice in Civil Cases and ensure compliance therewith.

The Clerk of Court is respectfully requested to terminate docket entry 66.

**SO ORDERED.**

Date:  March 23, 2021  
       New York, NY

**MARY KAY VYSKOCIL**  
**United States District Judge**