**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DUQUE FALLON, EDGAR ROLANDO GUTIERREZ LOPEZ, EUTIQUIO LEON GARCIA, HUGO ALEJANDRO GALLARDO, JOSE GARCIA, GILBERTO LUCAS TOLENTINO, JOSUE MEZARINA, and SALVADOR SANABRIA, *individually and on behalf of others similarly situated*, | Case No. 1:19-cv-09579-MKV |
| Plaintiffs, | |
| – against – | |
| 18 GREENWICH AVENUE, LLC d/b/a ROSEMARY'S, CARLOS SUAREZ, WADE MOSES, CINDI BYUN, RUFIO LERMA, SEAN WEBSTER, JENNIFER DOE, and ERIN GOTTHELF, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants*

<u>On Brief</u>:

Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
Timothy A. Gumaer, Esq.

123269679.1

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

PROCEDURAL HISTORY.................................................................................................. 6

LEGAL ARGUMENT.......................................................................................................... 7

      I.     LEGAL STANDARD............................................................................................. 7

      II.    THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS BECAUSE PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT THEY ARE EMPLOYERS UNDER THE FLSA.................................................................................................................... 8

CONCLUSION..................................................................................................................... 14

123269679.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................7, 8

*Ayala v. Looks Great Services, Inc.*,
  No. 14-cv-6035 (ADS) (SIL), 2016 WL 3541548 (E.D.N.Y. June. 23, 2016)........................9

*Bao Guo Zhang v. Shun Lee Palace Restaurant, Inc.*,
  No. 17-cv-00840 (VSB), 2021 W PL 634717 (S.D.N.Y. Feb. 16, 2021)................................10

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008)....................................................................................8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................7, 8

*Carter v. Dutchess Cmty. Coll.*,
  735 F.2d 8 (2d. Cir. 1984).............................................................................8, 11, 12

*Cho v. Osaka Zen Spa*,
  No. 19-cv-7935 (ER), 2021 WL 1736813 (S.D.N.Y. May 3, 2021) ...................................12

*Citizens United v. Schneiderman*,
  882 F.3d 374 (2d. Cir. 2018)....................................................................................9

*Coley v. Vannguard Urban Imp. Ass'n, Inc.*,
  No. 12-cv-5565 (PKC), 2014 WL 4793825 (E.D.N.Y. Sept. 23, 2014)................................14

*Copantitla v. Fiskardo Estiatorio, Inc.*,
  No. 09-cv-1608 (RJH), 788 F. Supp. 2d 253 (S.D.N.Y. May 27, 2011) ..............................14

*De Quan Lu v. Red Koi, Inc.*,
  No. 17-cv-7291 (VEC), 2020 WL 7711410 (S.D.N.Y. Dec. 29, 2020) ...............................12

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)....................................................................................2

*Fermin v. Las Delicias Peruanas Restaurant, Inc.*,
  No. 14-cv-0559 (RRM) (VMS), 93 F. Supp. 3d 19 (E.D.N.Y. Mar. 19, 2015) .....................13

*Irizarry v. Catsimatidis*,
  722 F.3d 99 (2d Cir. 2013)....................................................................................8, 9

*Maldonado Juarez v. Butterfield Catering Inc.*,
    20-cv-4537 (LJL), 2020 WL 6945944 (S.D.N.Y. Nov. 25, 2020) ....................................11, 13

*Nat'l Credit Union Admin Bd. V. U.S. Bank Nat'l Ass'n*,
    898 F.3d 243 (2d Cir. 2018)........................................................................................................12

*Salu v. Miranda*,
    830 Fed. Appx. 341 (2d. Cir. 2020)..............................................................................................9

*Solis* v. *ZEP LLC*,
    No. 19-cv-4230 (JGK), 2020 WL 1439744 (S.D.N.Y. Mar. 24, 2020)......................................12

*Whiteside v. Hover-Davis, Inc.*,
    No. 19-cv-6026 (CJS), 2020 WL 979785 (W.D.N.Y. Feb. 28, 2020)........................................9

**Statutes**

29 U.S.C. § 203(d) .......................................................................................................................8

## PRELIMINARY STATEMENT

Defendants Carlos Suarez, Wade Moses, Cindi Byun, Rufio Lerma, Sean Webster, and Erin Gotthelf (collectively, the "Individual Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Second Amended Complaint ("SAC")[1] as against plaintiffs Duque Fallon, Edgar Rolando Gutierrez Lopez, Eutiquio Leon Garcia, Hugo Alejandro Gallardo, Jose Garcia, Gilberto Lucas Tolentino, Josue Mezarina, and Salvador Sanabria (collectively, "Plaintiffs").

Once again, Plaintiffs fail to sufficiently plead that the Individual Defendants are employers within the meaning of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").   As set forth more fully below, Plaintiffs' allegations that the Individual Defendants are employers are founded upon statements made "upon information and belief," and, in an unsuccessful effort to buttress such statements, the SAC merely rephrases the factors of the economic reality test with respect to each Individual Defendant.  As a matter of law, this is simply insufficient to hold the Individual Defendants liable for any purported violations of the FLSA and NYLL.

Further, Plaintiffs' conclusory allegations made in the First Amended Complaint were already deemed by this court to be "threadbare" in nature and lacking in "factual detail necessar[y] to show the economic reality that any of the Individual Defendants was an employer," and they are no different here.  Dkt. No. 73, p. 9 (quotations and citations omitted).  The SAC does not correct these deficiencies.   Accordingly, this Court should dismiss the SAC as against the Individual Defendants.

---

[1] Plaintiff inadvertently titled his SAC as his First Amended Complaint.  *See* Dkt. No. 74.  Plaintiffs filed a Complaint on October 16, 2019, *see* Dkt No. 1, and an Amended Complaint on October 21, 2019.  *See* Dkt. No. 29.  As such, the operative Complaint is the Second Amended Complaint although it is mislabeled as the "First Amended Complaint."

123269679.1

**STATEMENT OF FACTS**[2]

Plaintiffs—all former employees of 18 Greenwich Avenue, LLC d/b/a Rosemary's ("Rosemary's), a restaurant in Manhattan's West Village—allege that they were employed as bartenders, barbacks, busboys, waiters, delivery workers, food runners, and baristas.  (Second Amended Complaint (hereinafter "Sec. Am. Compl.") ¶¶ 1, 4, 219).  All Plaintiffs allege that they were employed by Rosemary's within the span of approximately the past four (4) years, except for (1) Guiterrez Lopez, who alleges he was employed from "approximately September 1, 2015 until on or about September 15, 2016," (2) Sanabria, who alleges that he was employed "from approximately "November 2013 until on or about March 2018," and (3) Mezarina, who alleges that he was employed "for the month of December 2015" and then "from approximately March 2017 until on or about March 16, 2020."  (Sec. Am. Compl. ¶¶ 22-33).  With respect to the Individual Defendants, the allegations in the SAC vary slightly from individual to individual, but generally, the SAC alleges that each Individual Defendants is "an individual engaging (or who was engaged) in business in this judicial district during the relevant time period,"  is "sued individually in his [or her] capacity as a manager [or general manager, owner, officer and/or agent] of Defendant Corporation," and is an individual who "possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation."  (Sec. Am. Compl. ¶¶ 38-44).

The SAC then alleges the following additional allegations against each specific Individual Defendant that which were not in the First Amended Complaint ("FAC"), namely, that:

---

[2] For purposes of this Motion to Dismiss, the material factual allegations set forth in the SAC are assumed true and will form the basis for the statement of facts herein.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  However, should Defendants' motion be denied in whole or in part, Defendants intend to vigorously contest the facts asserted in the SAC.

123269679.1

(a) Suaraz "was present at the business almost every day," did not "directly determine the wages and compensation of Defendants' employees" but, "[u]pon information and belief…had the authority to do so," "had the authority [to] establish the schedules of the employees, maintain employee records, and…hire and fire employees," and "let the managers handle the day-to-day activities";

(b) Moses "was present at the business almost every day," "supervised kitchen employees," "determined their wages and compensation," "established the schedules of said employees on Mondays and Tuesdays," and "had the authority to hire and fire kitchen employees";

(c) Byun "was present at the business approximately 5 days a week," "did not directly pay employees" but "sometimes handed employees their checks," "determined the wages and compensation of the employees," "established their schedules, ordered employees in their daily tasks, maintained employee records," "had the authority to hire and fire them," and, "upon information and belief,…had the authority to determine tip distribution";

(d) Lerma "was present at the business approximately 5 days a week at varying shifts, mostly during the evening shifts," "ordered Defendants' employees…in their day-to-day tasks," "established the schedules of the employees," "maintained employee records," "had the authority [to] fire employees," and "would hand employees…their checks";

(e) Webster "established the schedules of the employees on Mondays," "ordered employees in their daily tasks, maintained employee records," "had the authority to hire and fire employees" and "[o]ccasionally…handed employees…their checks"; and

123269679.1

(f) Gotthelf "was present at the business approximately 5 to 6 days a week," "determined the wages and compensation of the employees" "established the schedules of the employees," "maintained employee records," and "had the authority to hire and fire employees."

(Sec. Am. Compl. ¶¶ 38-44).

Generally, the SAC contains the same allegations on behalf of each Plaintiff and contains the same allegations against *all* Defendants, including that:

- Plaintiffs spent over 20% of each day performing non-tipped work throughout their employment (Sec. Am. Compl. ¶¶ 60, 81, 106, 131, 157, 181, 203, 221);

- "*Defendants* deducted $2.50 per shift" from Plaintiffs' (with the exception of Mezarina and Sanabria) weekly paychecks for meals they never ate (Sec. Am. Compl. ¶¶ 69, 91, 117, 146, 167, 190) (emphasis added);

- Plaintiffs (with the exception of Mezarina and Sanabria) were not notified "by *Defendants* that [their] tips were being included as an offset for wages" (Sec. Am. Compl. ¶¶ 70, 92, 118, 147, 168, 191) (emphasis added);

- "*Defendants* did not provide [Plaintiffs] an accurate statement of wages, as required by NYLL § 195(3)" (Sec. Am. Compl. ¶¶ 75, 95, 120, 148, 171, 194, 215, 230) (emphasis added);

- "*Defendants* did not give any notice to [Plaintiffs], in English and in Spanish . . . , of [their] rate of pay, employer's regular pay day, and such other information required by NYLL §195(1)" (Sec. Am. Compl. ¶¶ 76, 100, 125, 152, 176, 198, 216, 231) (emphasis added);

123269679.1

- "***Defendants*** required [Plaintiffs] to purchase 'tools of the trade' with [their] own funds . . ." (Sec. Am. Compl. ¶¶ 77, 101, 126, 153, 177, 199, 217, 232) (emphasis added);

- "***Defendants'*** pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage" (Sec. Am. Compl. ¶ 235) (emphasis added);

- "***Defendants*** habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation" (Sec. Am. Compl. ¶ 236) (emphasis added);

- "***Defendants*** required Plaintiffs and all other tipped workers to perform general non-tipped tasks in addition to their primary duties" (Sec. Am. Compl. ¶ 237) (emphasis added);

- "***Defendants*** failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken" (Sec. Am. Compl. ¶ 244) (emphasis added);

- "***Defendants*** failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage" (Sec. Am. Compl. ¶ 245) (emphasis added); and

- "***Defendants*** unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007)" (Sec. Am. Compl. ¶ 248) (emphasis added).

5

With respect to Plaintiffs' overtime claims, Plaintiffs allege, in conclusory fashion only, that "Defendants . . . failed to pay the aforementioned Plaintiffs . . . overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week." (Sec. Am. Compl. ¶¶ 277, 286).

## PROCEDURAL HISTORY

On October 16, 2019, Plaintiffs commenced the instant action.  *See* Dkt. No. 1.  On October 21, 2019, Plaintiffs filed the First Amended Complaint ("FAC").  *See* Dkt. No. 29.  On March 5, 2020, all Defendants moved to dismiss the FAC in full.  *See* Dkt. Nos. 66-67.  On March 23, 2021, this Court granted in part and denied in part Defendants' motion.  *See* Dkt. No. 73.  This Court held, *inter alia*, that the FAC failed to plausibly allege that the Individual Defendants are employers under the FLSA.  *See id.* at p. 7-9, 17-18.  This Court, noting Plaintiffs' concession that "the claims are lacking in detail" with respect to Eutiquio Garcia's FLSA claims, also held that amendment to the FAC with respect to Eutiquio Garcia's claims was futile.  *Id.* at p. 18 (quotations and citation omitted).  Plaintiffs were then granted leave to amend the FAC but were advised that "the Court will be reluctant to grant further leave to amend."  *Id.*

On April 7, 2021, Plaintiffs filed their SAC.  *See* Dkt. No. 74.  On April 19, 2021, the Individual Defendants filed a letter requesting a pre-motion conference to address their anticipated Motion to Dismiss the SAC.  *See* Dkt. No. 76.  On May 10, 2021, Plaintiffs requested leave to file a Third Amended Complaint ("TAC") to add as Plaintiffs Mezarina and Senabria—who were previously included in the SAC—and to "include supplementary information concerning the individual defendants, following Defendants' anticipated motion." Dkt. No. 79. On May 18, 2021, the parties participated in the pre-motion conference with respect to Defendants' anticipated Motion to Dismiss the SAC.  *See* Dkt. No. 82.

123269679.1

On May 19, 2021, this Court granted in part and denied in part Plaintiffs' request for leave to file a TAC.  *See* Dkt. No. 83.  This Court granted Plaintiffs' request to add Mezarina and Senabria as Plaintiffs, but denied their request for further leave to amend to add new substantive allegations as against the Individual Defendants on the basis that they failed to show good cause for failing to include the further substantive allegations in the SAC and having only requested to do so "after having reviewed Defendants' latest pre-motion letter."  *Id.*  This Court then granted the Individual Defendants' leave to file their Motion to Dismiss the SAC.  *See id.*

As set forth more fully below, Plaintiffs' SAC should be dismissed as against the Individual Defendants.

## LEGAL ARGUMENT

### I.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the facts set forth in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of

7

entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted).

## II.     THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS BECAUSE PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT THEY ARE EMPLOYERS UNDER THE FLSA

The SAC fails to cure the defects contained in the FAC that ultimately resulted in dismissal of the Individual Defendants for failure to plausibly allege that they are employers under the FLSA. Individual liability under the FLSA only extends to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  This determination is "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity."  *Barfield v. N.Y.C. Health & Hosps. Corp*., 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations and citations omitted).  Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d. Cir. 1984).  Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees.  *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

Here, the amendments made in the SAC do nothing more than assert in a conclusory manner that the Individual Defendants are employers within the meaning of the FLSA.  At the outset, the nucleus of Plaintiffs' allegations is that, "[u]pon information and belief," the Individual Defendants "serve or served as owners, managers, principals, or agents of Defendants and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise."  Sec. Am.

8

Compl., ¶ 3.  Yet it is well settled in this Circuit that assertions made upon information and belief "are insufficient to provide a basis to conclude" that the statement upon which it precedes—and one in which a plaintiff relies on for sufficient pleading—is plausible.  *Salu v. Miranda*, 830 Fed. Appx. 341, 346 (2d. Cir. 2020) (citation omitted); *see also Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d. Cir. 2018) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory."); *Whiteside v. Hover-Davis, Inc.*, No. 19-cv-6026 (CJS), 2020 WL 979785, at *4  (W.D.N.Y. Feb. 28, 2020) ("A plaintiff cannot avoid the necessity of pleading a plausible claim supported by factual allegations merely by asserting statements 'upon information and belief' without explaining the basis for that belief."); *Ayala v. Looks Great Services, Inc.*, No. 14-cv-6035 (ADS) (SIL), 2016 WL 3541548, at *5 (E.D.N.Y. Jun. 23, 2016) (granting motion to dismiss and holding that Plaintiffs' allegation that "'[u]pon information and belief'" the individual defendant "'is an owner, officer, shareholder, and manager of defendant Looks Great'" "fall[s] well short of rendering their claims against [individual defendant] to be plausible").

Plaintiffs attempt to expound upon this generalized statement by simply imputing specific employment titles to Suarez ("owner, officer and/or agent"), Moses ("owner, officer and/or agent"), Byun ("general manager"), Lerma ("manager"), Webster ("general manager") and Gotthelf ("general manager") in each respective paragraph describing the alleged responsibilities of each Individual Defendant.  (Sec. Am. Compl. ¶¶ 38-44).  Despite these additions to the SAC— which again, are, at their core, founded "[u]pon information and belief"—allegations that an individual defendant is an owner of a company or works in management position, without more, is insufficient to survive a motion to dismiss.  *See Irizzary*, 722 F. 3d at 104 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have

9

nothing to do with an employee's function, is insufficient to demonstrate 'employer' status."); *Bao Guo Zhang v. Shun Lee Palace Restaurant, Inc.*, No. 17-cv-00840 (VSB), 2021 W PL 634717, at *9 (S.D.N.Y. Feb. 16, 2021) ("Taking Plaintiffs' factual allegations as true, the titular status of 'manager' alone does not bestow employer status upon [individual defendants] John Hwang or William Hwang.").

The SAC attempts to buttress the aforementioned allegations by merely rephrasing the factors of the economic reality test with respect to each Individual Defendant.  (Sec. Am. Compl. ¶¶ 3, 38-44).  Plaintiffs allege that Suarez did not "directly determine the wages and compensation of Defendants' employees" but, "[u]pon information and belief…had the authority to do so," "had the authority [to] establish the schedules of the employees, maintain employee records, and…hire and fire employees," and "let the managers handle the day-to-day activities."  (Sec. Am. Compl. at ¶ 38).  Plaintiffs allege that Moses "supervised kitchen employees," "determined their wages and compensation," "established the schedules of said employees on Mondays and Tuesdays," and "had the authority to hire and fire kitchen employees."  (Sec. Am. Compl. at ¶ 39).  Plaintiffs allege that Byun "did not directly pay employees" but "sometimes handed employees their checks," "determined the wages and compensation of the employees," "established their schedules, ordered employees in their daily tasks, maintained employee records," "had the authority to hire and fire them," and, "upon information and belief," "had the authority to determine tip distribution."  (Sec. Am. Compl. at ¶ 40).  Plaintiffs allege that Lerma "ordered Defendants' employees…in their day-to-day tasks," "established the schedules of the employees," "maintained employee records," "had the authority [to] fire employees," and "hand[ed] employees…their checks."  (Sec. Am. Compl. at ¶ 41).  Plaintiffs allege that Webster "established the schedules of the employees on Mondays," "ordered employees in their daily tasks, maintained employee records," "had the authority to hire

10

and fire employees" and "[o]ccasionally" "handed employees…their checks."  (Sec. Am. Compl. at ¶ 42).  Lastly, Plaintiffs allege that <u>Gotthelf</u> "determined the wages and compensation of the employees" "established the schedules of the employees," "maintained employee records," and "had the authority to hire and fire employees."  (Sec. Am. Compl. at ¶ 44).

These allegations are, in essence, synonymous with the conclusory allegations in the FAC that were previously deemed by this Court to be insufficient to plausibly allege employer liability and which asserted that the Individual Defendants "determine[] the wages and compensation of the employees of Defendants, including Plaintiffs, establish[] the schedules of the employees, maintain[] employee records, and [have] the authority to hire and fire employees."  (First Am. Compl. ¶¶ 35-41).  All that Plaintiffs have done here is merely rephrase such conclusory allegations in such a way as to slightly differ from the *Carter* factors' boilerplate language.  (Sec. Am. Compl. ¶¶ 38-44); *Maldonado Juarez v. Butterfield Catering Inc.*, 20-cv-4537 (LJL), 2020 WL 6945944, at *4 (S.D.N.Y. Nov. 25, 2020) ("Plaintiff's allegations against the Individual Defendants are formulaic.  The Amended Complaint alleges '[u]pon information and belief,' that each of the Individual Defendants 'serve or served as owners, managers, principals, or agents of Defendants Corporation and, through this corporate entity, operate or operated the café as a joint or unified enterprise.' It then makes the identical allegation with respect to each of them: '[Name of individual defendant] possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff [], establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.'").

While Plaintiffs may believe that doing so is sufficient to withstand another motion to dismiss[3], simply rewording the *Carter* factors amounts to nothing more than what this Court already previously concluded to be "'threadbare'" in nature and lacking in "'factual detail necessar[y] to show the economic reality that any of the Individual Defendants was an employer." Dkt. No. 73, p. 9 (citations omitted); *see also Cho v. Osaka Zen Spa*, No. 19-cv-7935 (ER), 2021 WL 1736813, at *4 (S.D.N.Y. May 3, 2021) ("In essence, [plaintiff] has alleged that the Moving Defendants *are* 'employers' under the FLSA and so the Court should *deem* them 'employers' under the FLSA.   These circular allegations lack the factual content needed to lend facial plausibility to her FLSA claims against the Moving Defendants."); *Solis* v. *ZEP LLC*, No. 19-cv-4230 (JGK), 2020 WL 1439744, at *8 (S.D.N.Y. Mar. 24, 2020) ("The Amended Complaint contains no specific factual allegations about [defendant] from which it could be inferred that [defendant] had the power to hire or fire employees, supervise or control the work schedules of the employees, determine rates of pay, maintain employment records, or otherwise exercise operational control over the workplace. The Amended Complaint simply recites in conclusory fashion the statutory factors."); *De Quan Lu v. Red Koi, Inc.*, No. 17-cv-7291 (VEC), 2020 WL 7711410, at *3 (S.D.N.Y. Dec. 29, 2020) ("Four paragraphs of the SAC simply recite the elements of the economic reality test or are legal conclusions and are thereby insufficient to state a claim.") (quotations omitted).  Plaintiffs' allegations are insufficient to plausibly allege that the Individual

---

[3] It is only after the Individual Defendants filed their pre-motion letter did Plaintiffs realize that the newfound allegations in the SAC are insufficient to withstand the instant motion.  *See* Dkt. No. 76.  On May 10, 2021, Plaintiffs filed a letter motion requesting leave to file a Third Amended Complaint to include "supplementary information concerning the individual defendants."  Dkt. No. 79.  Subsequently, this Court acknowledged that Plaintiffs "have failed to show good cause for failing to include the further substantive allegations in the Second Amended Complaint," that "[i]ndeed, Plaintiffs seek to add these new allegations after having reviewed Defendants' latest pre-motion letter," and that the Second Circuit has held that "[w]hen a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first."  Dkt. No. 83 (quoting *Nat'l Credit Union Admin Bd. V. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018)).

123269679.1

Defendants are employers within the meaning of the FLSA, and thus those claims should be dismissed as against the Individual Defendants.

Further, the issues in *Maldonado Juarez,* 2020 WL 6945944, are virtually identical to the issues at bar.   In *Maldonado Juarez*, the plaintiff, who is represented by the same law firm as Plaintiffs, filed an amended complaint in which he asserted "'upon information and belief,' that each of the Individual Defendants 'serve or served as owners, managers, principals or agents of Defendant Corporation.'"   *Id*. at \*3.   The amended complaint "then makes identical allegations with respect to each [individual defendant that such individual]. . .determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees."   *Id*.   The *Maldonado Juarez* amended complaint further claims that one of the individual defendants "'came to the café five days a week (Monday through Fridays) and gave orders to employees (including Plaintiff Maldonado) [and such individual] terminated [plaintiff] from the job.'"   *Id*.   Judge Liman found that *Maldonado Juarez's* amended complaint "contains none of the factual detail necessary to show the economic reality that any of the Individual Defendants was an employer."   *Id*. at \*4.   Accordingly, Judge Liman granted defendants' motion to dismiss the individual defendants from the case.   *See id*.   Here, the allegations in the SAC against the Individual Defendants are made in the exact same manner using the exact same verbiage as the allegations made against the individual defendants in *Maldonado Juarez*.   Judge Liman found such allegations to be insufficient and granted the motion to dismiss the individual defendants from the *Maldonado Juarez* lawsuit; this Court should do likewise.   *See id*.

Given the SAC's defects with respect to Plaintiffs' FLSA claims, this Court should also dismiss those allegations brought against the Individuals Defendants under the NYLL.   *See Fermin*

13

*v. Las Delicias Peruanas Restaurant, Inc.*, No. 14-cv-0559 (RRM) (VMS), 93 F. Supp. 3d 19, 37 (E.D.N.Y. Mar. 19, 2015) ("While the New York Court of Appeals has not yet resolved whether the NYLL's standard for employer status is coextensive with the FLSA's…there is no case law to the contrary") (quotations and citations omitted); *Copantila v. Fiskardo Estiatorio, Inc.*, No. 09-cv-1608 (RJH), 788 F. Supp. 2d 253, 308 n. 21 (S.D.N.Y. May 27, 2011) ("Courts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA.") (citation omitted); *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, No. 12-cv-5565 (PKC), 2014 WL 4793825, at *2, n. 5 (E.D.N.Y. Sept. 23, 2014) (addressing plaintiffs' FLSA and NYLL claims in tandem).  Consequently, Plaintiffs' NYLL claims should also be dismissed as against the Individual Defendants.

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court dismiss Plaintiffs' Second Amended Complaint and deny the relief sought therein in all respects, and grant such other further relief as the Court deems just and proper.

DATED:       June 4, 2021
                  New York, New York

Respectfully submitted,

FOX ROTHSCHILD LLP


By:   /s/ *Glenn S. Grindlinger*
       Carolyn D. Richmond
       Glenn S. Grindlinger
       Timothy A. Gumaer
       crichmond@foxrothschild.com
       ggrindlinger@foxrothschild.com
       tgumaer@foxrothschild.com
       101 Park Avenue, 17th Floor
       New York, NY 10178
       (212) 878-7900

       *Attorneys for Defendants*

14

123269679.1