# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                         Telephone: (212) 317-1200
New York, New York 10165                          Facsimile: (212) 317-1620
_____

August 5, 2021

**VIA ECF**

Honorable Barbara C. Moses, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
500 Pearl St.
New York, NY 10007

Re: <u>Fallon et al v. 18 Greenwich Avenue, LLC et al, 1:19-cv-09579-MKV</u>

Dear Judge Moses:

       This office represents the Plaintiffs in the above referenced matter. Plaintiffs write, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to <u>Cheeks v. Freeport Pancake House, Inc</u>., 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as Exhibit A.

       Plaintiffs allege that they were employed by Defendants at Defendants' Manhattan restaurant. Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiffs allege that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices.

       **I.**      **The Proposed Settlement is Fair and Reasonable**

       Under the Agreement, Defendants will pay $110,000.00 to settle all claims. This settlement amount will be paid within 90 days after the last of the following occurs: (i) all Parties execute this Agreement; (ii) the Court issues an order approving this Agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismisses the Litigation with prejudice; and (iii) Plaintiffs' counsel delivers to Defendants' counsel all necessary tax forms, including but not limited to an IRS Form W-9 for Plaintiffs' counsel and Plaintiffs and an IRS Form W-4 for Plaintiffs. The payment shall be delivered to the office of Michael Faillace & Associates, P.C., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

       One third of the settlement funds in the amount of Thirty-Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($36,666.67) shall be made payable to Michael Faillace & Associates, PC, as attorneys' fees and costs.

August 6, 2021
Page 2

Two thirds of the settlement funds, in the amount of Seventy-Three Thousand Three Hundred Thirty-Three Dollars and Three-Three Cents ($73,333.33) shall be made payable to Plaintiffs, in accordance to the accompanying chart:

| Plaintiff | Percentage (%) | Total Amount (US$) | W-2 Portion (30%) | 1099 Portion (70%) |
|---|---|---|---|---|
| Duque Fallon (a/k/a Fallon Duque) | 8.82% | $6,468.79 | $1,940.63 | $4,528.16 |
| Edgar Rolando Gutierrez Lopez (a/k/a Edgar Rolando) | 5.03% | $3,691.71 | $1,107.51 | $2,584.2 |
| Eutiquio Leon Garcia | 21.32% | $15,636.74 | $4,691.02 | $10,945.72 |
| Hugo Alejandro Gallardo | 19.64% | $14,405.90 | $4,321.77 | $10,084.13 |
| Jose Garcia | 3.73% | $2,741.58 | $822.47 | $1,919.11 |
| Gilberto Lucas Tolentino | 15.04% | $11,010.93 | $3,303.27 | $7,707.66 |
| Josue Mezarina | 22.57% | $16,558.09 | $4,967.42 | $11,590.67 |
| Salvador Sanabria | 3.84% | $2,819.58 | $845.87 | $1,973.71 |
| **TOTAL** | | | | |

Plaintiffs alleged that they are entitled to back wages from Defendants in the amount of approximately $77,242.79. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $268,876.60. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested all of Plaintiffs' substantive allegations and raised statute of limitations issues with respect to certain claims and/or clients.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

August 6, 2021
Page 3

## II. Plaintiffs' Attorneys' Fees are Fair and Reasonable[1]

Under the settlement agreement, Plaintiffs' counsel will receive $36,666.67 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint and service of process costs, plus one third of the remainder of the recovery in this litigation. This is a reduction in fees from the provisions of Plaintiffs' retainer agreements, which provide that forty percent of Plaintiff's recovery will be retained by the firm. The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $18,899.00.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiffs in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (see, e.g,., Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 493 F. 3d 110 (2d Cir. 2007):

    i.    Michael Faillace, Esq. ("MF"), the Managing Member of Michael Faillace & Associates, P.C., has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Jordan Gottheim ("JG"), graduated from Fordham University School of Law in 2016. He cultivated an expertise in labor and employment law through internships in his law school's clinical educational department and LexisNexis's Lexis Practice Advisor Labor and Employment Law module, and through wage and hour associate experience at Heng Wang & Associates, P.C.

---

[1] Defendants take no position on the issues raised in Section II

August 6, 2021
Page 4

   and, from January 2020 to January 2021, at Michael Faillace & Associates, P.C. His work was billed at a rate of $350 per hour.

   iii.  I, Catalina Sojo ("CS"), graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. I received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, I focused my practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. My work is billed at a rate of $350 per hour.

   iv.  Jasmine Hernandez ("PL") is a paralegal at Michael Faillace & Associates, P.C.. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

  Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

           Respectfully submitted,

           /s/ Catalina Sojo
           Catalina Sojo
           MICHAEL FAILLACE & ASSOCIATES, P.C.
           Attorneys for the Plaintiffs

Enclosures

cc: Defendants' Counsel (via ECF)